IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION


RICHARD WARREN McCUISTIAN    )
as Administrator for the     )
Estate of Anne Mccuistian,   )
Deceased,                    )
                             )
    Plaintiff,           )
                             )     CIVIL ACTION NO.
    v.                   )       1:15cv279-MHT
                             )          (WO)
LG ELECTRONICS U.S.A.,       )
INC., A Corporation;         )
et al.,                      )
                             )
    Defendants.          )


ORDER

    The allegations of the plaintiff's complaint are insufficient to invoke this court's jurisdiction under 28 U.S.C. § 1332.  To invoke jurisdiction based on diversity, a complaint must distinctly and affirmatively allege each party's citizenship. McGovern v. American Airlines, Inc., 511 F. 2d 653, 654

(5th Cir. 1975) (per curiam).[*]   The complaint suffers from two deficiencies in this regard.

First, the plaintiff has sued in his capacity as personal representative for the estate of the decedent. "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent ...."  28 U.S.C. § 1332(c)(2).  Because the complaint sets forth only the citizenship of the personal representative and not that of the decedent, the complaint does not adequately establish the ground for this court to assume jurisdiction of this matter.

Second, 28 U.S.C. § 1332(c) provides that a corporation shall be deemed a citizen, first, of all States by which it has been incorporated and, second, of the State where it has its principal place of business.  To invoke jurisdiction based on diversity in

---

[*]   In <u>Bonner v. Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

a case in which a corporation is a party, it is thus necessary to allege distinctly and affirmatively all the States by which the corporation has been incorporated and the State in which the corporation has its principal place of business.  American Motorists Ins. Co. v. American Employers' Ins. Co., 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam).  The plaintiff's complaint fails to allege sufficiently the citizenship of corporate defendants because it does not allege each defendant's principal place of business.

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until June 1, 2015, to amend the complaint to allege § 1332 jurisdiction sufficiently, see 28 U.S.C. § 1653; otherwise, this cause shall be dismissed without prejudice.

DONE, this the 18th day of May, 2015.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE