IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD WARREN McCUISTIAN as Administrator for the Estate of Anne McCuistian, deceased,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | Case No.: 1:15-cv-279-JA-GMB |
| **LG ELECTRONICS U.S.A., INC., et al.** ) ) | |
| **Defendants.** ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT BRK'S MOTION TO EXCLUDE TESTIMONY AND OPINIONS OF KENNETH ASHCRAFT AND PAUL CASTELLANO

Plaintiff responds to Defendant BRK Brands, Inc.'s Motion to Exclude Expert Opinions and Testimony of Plaintiff's Experts Kenneth Ashcraft and Paul Castellano (Doc. 143) as follows:

Defendant BRK Brands, Inc. ("BRK") adopts and incorporates by reference UL's Motion to Exclude Testimony and Opinions of Ashcraft and Castellano (Doc. 141) in support of its own Motion to Exclude these witnesses. As such, Plaintiff hereby adopts and incorporates, as if fully set forth herein, Plaintiff's Response to UL's Motion to Exclude Ashcraft and Castellano (Doc. 162) as his response to BRK's Motion to Exclude Ashcraft and Castellano.

### MEMORANDUM OF LEGAL AUTHORITY

As stated in Plaintiff's Response to UL's Motion to Exclude, Ashcraft and Castellano both followed the scientific method of fire origin and cause investigation set forth in NFPA 921. Both collected and analyzed sufficient data, developed a hypothesis through inductive reasoning, tested the hypothesis through deductive reasoning, and reliably arrived at a final conclusion. Witness statements, fire patterns, and fire dynamics indicated the kitchen was the room of origin. Fire patterns and fire dynamics indicated the southwest corner of the kitchen was the area of origin.

Three independent fire investigators likewise concluded that the area of origin was the southwest corner of the kitchen. A fire investigator under NFPA 921 is instructed to consider only possible ignition sources in the area of origin. The stove was ruled out using the scientific method because it was not in the area of origin that had been established by Ashcraft and the three independent fire investigators. The only possible ignition sources in the southwest corner of the kitchen were the refrigerator, an electrical wall switch, and an electrical wall outlet. The switch and outlet were ruled out, leaving the refrigerator as the only possible ignition source in the area of origin. Castellano examined the refrigerator and found numerous arcs. Through process of elimination, all but two of the arcs were ruled out as the possible ignition source. The arcs that were left were logically determined to be competent ignition sources. The only logical explanation that fit all the other known facts was that a conductor arced as a result of having been damaged at some point during the manufacturing process.

All of the cases cited by BRK where experts were excluded for failure to rule out other possible causes of an event or injury are distinguishable based on the fact that the stove in this case could be, and in fact was required under NFPA 921's methodology to be, ruled out as a possible ignition source because it was not in the area of origin. That is how NFPA 921 works. Origin is established first, then cause.

This case is more like:

- <u>Ledbetter v. Blair Corporation</u>, 2012 U.S. Dist. Lexis 88789, Case No. 3:09-cv-843- WKW [WO], at *37-38 (M.D. Ala. June 27, 2012)- where an expert was allowed to testify to fire origin and cause based on circumstantial evidence and the process of elimination under NFPA 921;

- <u>Allstate v. Hugh Cole Builder, Inc.</u>, 137 F. Supp. 1283, at *12 (M.D. Ala. 2001)- where an expert was allowed to testify to a fire ignition sequence that was not confirmed through testing;

- <u>Rudd v. General Motors</u>, 127 F. Supp. 1330, at 1340-1342 (M.D. Ala. 2001)- where an expert was allowed to testify that a truck "fan blade had to have some small defect for the fatigue failure to start" based on circumstantial evidence and the process of elimination although there was no direct evidence of a manufacturing defect; and

- <u>Breidor v. Sears, Roebuck and Co.</u>, 722 F. 2d 1134, 1138-1140 (3rd Cir. 1983)- where it was held that an expert should have been allowed to testify that an electrical malfunction inside a refrigerator was the only possible cause of the fire based on circumstantial evidence and the process of elimination.

Based on all of the foregoing, BRK's Motion to Exclude is due to be denied. Ashcraft and Castellano's opinions and testimony should be allowed with the jury deciding how much weight to give their conclusions.

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 14th day of September, 2016, served a copy of the forgoing by electronic service upon all counsel of record.

/s/ Joseph Daniel Talmadge, Jr.
Joseph Daniel Talmadge, Jr.
(ASB 8932-M37J)
MORRIS, CARY, ANDREWS,
TALMADGE, & DRIGGERS, LLC
Attorneys for Plaintiff
P.O. Box 1649
Dothan, Alabama 36302
334-702-0000 phone
dtalmadge@mcatlaw.com